**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. CIV 06-926-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| AutoZone, Inc., a Nevada corporation, | |
| Defendant | |

Currently pending before this Court is the Partial Motion for Summary Judgment (Dkt. 81) filed by Plaintiff Equal Employment Opportunity Commission (EEOC) against AutoZone, Inc. (AutoZone).  The EEOC seeks summary judgment as to affirmative defenses numbered six and eight in Defendant's Second Amended Answer. (Dkt. 78.)

## Background

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.  In the Complaint, the EEOC alleges that Defendant AutoZone subjected Plaintiff Stacy Wing (Wing) to sexual harassment by discriminating against her on the basis of her sex, which ultimately created a hostile work environment for Wing. The EEOC further alleges that AutoZone retaliated against Wing for making known her opposition to the allegedly unlawful sexual harassment.

## Standard of Review

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *see also Jesinger*, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see Jesinger*, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322; *see also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *See Celotex*, 477 U.S. at 323-24. The nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 585-88 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). A trial court can only consider admissible evidence in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(e); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

### Discussion

**I.    After-Acquired Evidence Doctrine**

Defendant asserted the doctrine of after-acquired evidence as its sixth affirmative defense in its Second Amended Answer. Plaintiff, however, contends that Defendant's sixth affirmative defense fails as a matter of law and fact and should therefore be dismissed.

- 2 -

Pursuant to the doctrine of after-acquired evidence, an employer must establish an employee's "wrongdoing was of such severity that the employee in fact would have been terminated on these grounds alone, if the employer had known at the time of the discharge." *McKennon v. Nashville Banner Publishing Co.*, 115 S.Ct. 879, 886-889 (1995).  It is well established that the doctrine of after-acquired evidence has limited applicability, inter alia, an employee's remedies can be limited if the employer discovers evidence that the employee engaged in wrongdoing that would have led to the employee's discharge had the employer known of the wrongdoing. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1070 (9th Cir 2004) (citing *McKennon*, at 879 (1995)). The employer has the burden of showing that, if it had such evidence, it would have discharged the employee. *Id*. at 1072 (citing *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 758-759 (9th Cir. 1995)).

Defendant asserted in an answer to an interrogatory that the basis for the after-acquired evidence defense in this case was that Wing had been convicted of disorderly conduct, and if this conviction was not listed on Wing's application, the affirmative defense at issue would apply. Essentially, Defendant is merely asserting that it would have terminated Wing upon learning of any such failure to disclose a conviction. However, contrary to the requisite standard, Defendant has offered no evidence in support of this assertion or this defense.  Mere speculation on the part of AutoZone is not sufficient under the well established law.  "When the non-moving party has the burden of proving the . . . defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party." Miller., 454 F.3d at 987 (*citing Celotex*, 477 U.S. at 325). "When the moving party meets its burden, the 'adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56(e)], must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)); *see also Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). "Summary judgment will be

- 3 -

1  entered against the non-moving party if that party does not present such specific facts." *Miller*,

2  454 F.3d at 987-988 (citing Fed. R. Civ. P. 56(e)).*See Rivera*, 364 F.3d at 1070.

3  Defendant AutoZone has offered no *evidence* that, had it found any failure on the part

4  of Wing to  disclose any such conviction, such "wrongdoing was of such severity that the

5  employee, in fact, would have been terminated" or not hired. *McKennon*, 115 S. Ct. at 86.

6  Defendant bears the burden of proof on this issue. *See Rivera*, 364 F.3d at 1072. In fact,

7  AutoZone merely states the name of a witness it "may" present at trial, Scott Anderson

8  (Anderson), "to testify as to what the practices were in 2003 and other individuals terminated

9  for misrepresenting a conviction on their employment application." However, Defendant does

10  not offer an affidavit or declaration regarding the actual testimony expected from Anderson.

11  Under well established Ninth Circuit authority, Defendant's statement pertaining to what

12  testimony it *might* seek to elicit at trial does not constitute the evidence required to survive a

13  motion for summary judgment. *See Miller v. Glen Miller Productions, Inc*., 454 F.3d 975, 987

14  (9th Cir 2006) (*citing Celotex*, 477 U.S. at 325).  Accordingly,  Defendant has not created a

15  genuine issue of material fact to survive the EEOC's Motion for Summary Judgment on another

16  necessary element of the defense, i.e., that any wrongdoing would have resulted in termination.

17  Significantly, Defendant has offered no evidence that Wing was actually convicted of

18  disorderly conduct  (Dkt. 85.)  Moreover, Defendant concedes that it is unable locate Wing's

19  application. (Dkt. 85.) Thus, Defendant's assertions are based on mere speculation.

20  Furthermore  Defendant's  proposal that, despite its lack of supporting evidence, it should

21  nonetheless be given the opportunity to question, at trial, Wing and Jose Contreras, would be

22  contrary to the Rules. Fed.R.Civ.P. 56.  Defendant has previously conceded: that (1) Wing has

23  explained that she was not convicted of any crime, and (2) Defendant does not know what Mr.

24  Contreras will actually testify to at trial regarding the matter.  Furthermore, Defendant has failed

25  to proffer an affidavit or declaration detailing the testimony it would expect to elicit from Mr.

26  Contreras regarding the issue. Defendant's speculation about what it *might seek* to evoke at trial

27

28  - 4 -

1   unequivocally fails to constitute the evidence required to survive summary judgment. *See*

2   *Miller*, 454 F.3d at 987-988;  *Celotex Corp*. 477 U.S. 317.  Defendant has not created a genuine

3   issue of material fact to survive the EEOC's Motion for Partial Summary Judgment with regard

4   to a necessary element of the defense, the existence of wrongdoing, and admissible evidence

5   supporting an assertion  thereof. *See Rivera*, 364 F.3d at 1070.

6   **II.    Punitive Damages**

7          In its eighth affirmative defense, Defendant contends, "[a]ny award of punitive damages

8   in this case would violate the constitutions of the State of Arizona and the United States of

9   America." (Dkt. 78).  Plaintiff argues, and the Court agrees, that Defendant cannot utilize the

10  Constitution of the State of Arizona to challenge federal law where the sole claims at issue are

11  federal claims.   Pursuant to the Supremacy Clause in Article VI of the United States

12  Constitution, the punitive damages provision of Title VII, a federal statute, is *not* subject to any

13  limitations imposed by a State Constitution, here the State of Arizona's Constitution. "The

14  Supremacy Clause unambiguously provides that if there is any conflict between federal and

15  state law, federal law shall prevail." *Gonzales v. Raich*, 545 U.S. 1, 29, 125 S.Ct. 2195 (2005).

16  States may regulate, but only in a manner '"not inconsistent with federal law.'" *Zila, Inc. v.*

17  *Tinnell*, 502  F.3d. 1014, 1020 (9th Cir. 2007) (*quoting Aronson v. Quick Point Pencil Co.*, 440

18  U.S. 257, 990 S.Ct. 1096 (1979)).

19         In the instant case, Defendant fails to set forth the provisions of the United States

20  Constitution it believes would be violated by a punitive damages award in this case. Plaintiff

21  is correct that the Ninth Circuit Court of Appeals has previously ruled that the punitive damages

22  provision of Title VII, 42 U.S.C. § 1981a(b), does not violate the constitutional doctrine of

23  separation of powers because it is it not an "impermissible intrusion by the legislature into the

24  province of the judiciary." *Hemmings v. Tidyman's, Inc*., 285 F.3d 1174, 1200-1201 (9th Cir.

25  2002). The Ninth Circuit has further ruled that the punitive damages provision of Title VII does

26  not violate the Seventh Amendment by impermissibly infringing on the power of the jury. *Id.*

27

28                                            - 5 -

at 1202.  Furthermore, Defendant has not argued that a specific punitive award is too excessive, thereby violating the Due Process Clause, instead, Defendant contends that any punitive damages awarded in this case, under Title VII, would be unconstitutional.  However, Defendant has failed to set forth legal or factual evidence to support such an assertion.   Accordingly, summary judgment is appropriate as to Defendant's eighth  affirmative defense.

The Court recognizes that despite its inability to move forward with its eighth affirmative defense, Defendant has preserved its right to argue against punitive damages in its fifth affirmative defense.[1]   The significant distinction between affirmative defense eight and affirmative defense Five is that affirmative defense Eight actually calls into question the constitutionality of punitive damages in this case, whereas affirmative defense Five pertains directly to whether Defendant is liable for punitive damages.[2] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).  Defendant has failed to establish through necessary supporting authority or evidence that punitive damages in this case, regardless of the amount, would be unconstitutional.  Moreover, because Defendant preserved its right to argue against its liability for punitive damages in its Fifth affirmative defense, Plaintiff is correct in its assertion that  an award of summary judgment to the EEOC on Defendant's Eighth affirmative defense will not prevent Defendant from presenting at trial evidence regarding its alleged liability for punitive damages.

///

///

---

[1] Defendant preserved its punitive damages defense separately in its Fifth Affirmative Defense, which states, "Defendant denies any and all liability for punitive damages for any alleged acts of its employees which are contrary to AutoZone's good faith efforts to comply with Arizona law and Title VII." (Dkt. 78.)

[2] Therefore, Defendant's desire to present evidence at trial regarding the *Kolstad* defense does not constitute evidence necessary to survive summary judgment on the defense of the constitutionality of a punitive damages award. *See Miller*, 454 F.3d at 987-988.

1

## Conclusion

2       **IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion for Partial Summary

3  Judgment (Dkt. 81.) as to affirmative defenses numbered six and eight in Defendant's Second

4  Amended Answer.

5       DATED this 5th day of June, 2008.

6

7

8                                      Stephen M. McNamee
9                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                           - 7 -