WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Equal Employment Opportunity Commission,

Plaintiff,

vs.

AutoZone, Inc., a Nevada corporation,

Defendant.

No. 06-CV-0926-PHX-SMM

**ORDER**

Pending before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Strike Portions of documents submitted with Defendant AutoZone, Inc.'s ("AutoZone") Reply in Support of its Motion for Summary Judgement. (Dkt. 96.)

**BACKGROUND**

AutoZone filed its Motion for Summary Judgment and a corresponding Statement of Facts on November 1, 2007. (Dkt. 79.) After an extension of time was granted, the EEOC filed its Response (Dkt. 90), its objections to AutoZone's Statement of Facts[1] (Dkt. 89), and a separate Statement of Facts in support of the EEOC's Response. (Dkt. 91.) Thereafter, on December 21, 2007, AutoZone filed its Reply (Dkt.93) with a separate document objecting

[1]This document is referred to as "Objections Addendum" for the remainder of this Order.

to the EEOC's Statement of Facts. (Dkt. 94.) The EEOC filed the instant motion on February 7, 2008.

## STANDARD OF REVIEW

Pursuant to the Local Rules of this Court, Response memoranda must have one statement, filed separate from the memorandum of law, that includes any disputes the nonmoving party has with the moving party's statement of facts, citations to the record in support of these disputes, and any new facts they wish to offer in opposition.

> Any party opposing a motion for summary judgment shall file **a statement**, separate from that party's memorandum of law, **setting forth**: **(1)** for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; **and (2)** any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party.

LRCiv 56.1(b)(emphasis added) . These disputes include any objections the nonmovant has with the moving party's statement of facts. LRCiv. 7.2(m)(2).

> An objection to the admission of evidence offered in support of . . . a motion must be presented in the objecting party's . . . response to another party's separate statement of material facts[] and not in a separate motion to strike or other separate filing.

The non-movant's Response shall not exceed 17 pages, excluding attachments and the required responsive statement of facts discussed above. LRCiv. 7.2(e).

Reply memoranda are limited to 11 pages, exclusive of attachments. LRCiv. 7.2(e). The Local Rules do not authorize a separate Statement of Facts in the Reply as they explicitly do for a Response. Id. Should a moving party have any objections or replies to arguments or facts made in the Response or its supporting statement of facts, these ". . . must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum." LRCiv. 7.2(m)(2).

///

///

///

## DISCUSSION

### A. AutoZone's Reply is in Violation of the Local Rules

AutoZone filed the "Objections Addendum" with its Reply. (Dkt. 94.) In this document, AutoZone makes several generalized allegations criticizing statements made by the EEOC in the Statement of Facts filed in support of its Response. It also contains specific objections to statements made and exhibits referenced in the EEOC's separate Statement of Facts.

Local Rule 7.2 went into effect December 1, 2007. The Reply and the "Objections Addendum" were filed on December 21, 2007 therefore, LRCiv. 7.2 governs all documents filed thereafter. The Rule specifically prohibits "a separate responsive memorandum" to make "any objections or replies to arguments or facts made in the Response." LRCiv. 7.2(m)(2). The purpose of the "Objections Addendum" is clear: dispute statements and arguments made in the Response. The instant motion does fall within the purview of LRCiv 7.2(m)(2), and thus, these disputes should have been included in the Reply memorandum itself. The entire Response, including objections, must conform to the page limits of Local Rule 7.2(e).

### B. The EEOC's Response is in Violation of the Local Rules

Filed contemporaneously with its Response, were 1) EEOC's Objections to AutoZone's Separate Statement of Facts (Dkt. 89) and 2) a Separate Statement of Facts (Dkt. 91). Local Rule 56.1(b) (see above) requires that a party responding to a motion for summary judgment file a single document containing any disputes or objections the party has with the movant's statement of facts and any new facts that would preclude judgment against the nonmovant. As the EEOC failed to comply with this Rule, its Response is in violation of the Local Rules.

## CONCLUSION

In light of the reasons set forth above,

**IT IS HEREBY ORDERED GRANTING**[2] **in part and DENYING in part** the EEOC's Motion to Strike (Dkt. 96) as follows**:**

**1) IT IS ORDERED STRIKING** the EEOC's Response and corresponding documents (Dkt. 89-91) without prejudice with leave to re-file in accordance with the Federal and Local Rules of Civil Procedure. The amended Response and Separate Statement of Facts shall be filed no later than **July 1, 2008.**

**2) IT IS FURTHER ORDERED STRIKING** AutoZone's Reply and corresponding document (Dkt. 93-94) without prejudice with leave to re-file in accordance with the Federal and Local Rules of Civil Procedure. The amended Reply and Separate Statement of Facts shall be filed no later than **July 15, 2008.**

**3) IT IS FURTHER ORDERED DENYING** the EEOC's Motion For Leave to File a Surreply.[3] (Dkt. 96.)

**4) IT IS FURTHER ORDERED DENYING** the EEOC's Motion to Exclude Defendant's 2002 Employee Handbook from Evidence.[4] (Dkt. 96.)

DATED this 18th day of June, 2008.

Stephen M. McNamee
United States District Judge

---

[2]The motion is granted insofar as AutoZone's Reply will be stricken, the motion is denied in all other parts.

[3]The Parties are advised to review the Federal and Local Rules, as well as relevant Ninth Circuit authority, regarding setting forth new facts and arguments in Responses and Replies to Motions for Summary Judgment.

[4]The Rule 16 Order (Dkt.17) read, ". . .**in the event of a discovery dispute, the parties shall contact the Court to request a telephonic conference prior to filing any discovery motions.**" (emphasis in original) As the Court was not contacted prior to filing of this motion, it is summarily denied.