**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,        )<br>)<br>)<br>            Plaintiff,        )<br>)<br>v.        )<br>)<br>AUTOZONE, INC., a Nevada corporation,        )<br>)<br>            Defendant.        )<br>                                        ) | No. CV 06-00926-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

The Court held a Final Pretrial Conference on January 8, 2009, where it ruled on five of the six motions in limine filed by the parties (Doc. 142). The Court took one of the motions in limine under advisement, Defendant's Motion in Limine No. 4 RE: Evidence of Defendant's Net Worth, Financial Condition, Size and/or Market Share (Doc. 127). Having considered the parties' arguments, the Court finds as follows, and therefore will grant in part and deny in part Defendant's Motion in Limine No. 4 RE: Evidence of Defendant's Net Worth, Financial Condition, Size and/or Market Share (Doc. 127).

**I.     Defendant's Motion in Limine to Exclude Evidence of Defendant's Net Worth, Financial Condition, Size and/or Market Share (Doc. 127)**

In its Motion in Limine, Defendant claims that evidence of its net worth, financial condition, size, and/or market share is not relevant to Plaintiff's claims of sexual harassment and retaliation. Plaintiff responds by alleging that such evidence is relevant to the issue of punitive damages under Title VII.

The plaintiff in an action for sexual harassment under Title VII may be entitled to punitive damages pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. Section 1981a(a)(1) states, in part,

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C.A. 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C.A. 2000e-2, 2000e-3, or 2000e-16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages . . .

In the Complaint, Plaintiff has instituted claims for intentional discrimination pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) (Doc. 1). Consequently, punitive damages may be available to Plaintiff in this case under the statute.

Section 1981a also establishes limits on the amounts of compensatory and punitive damages recoverable based on the number of the defendant's employees, with a maximum award of $300,000 for compensatory and punitive damages combined. §1981a(b)(3). However, the statute is clear that "the court shall not inform the jury of the limitations" in punitive damages based on the employer's size. §1981a(c)(2).

The Court finds that evidence of Defendant's net worth is relevant to Plaintiff's claim for punitive damages under 42 U.S.C. §1981a. Plaintiff may introduce net worth evidence as one factor used to determine a punitive damage award. See Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 21-22 (1991) (approving the defendant's "financial position" as one factor used to determine a punitive damage award, although emphasizing it is not determinative); TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 462 n.28 (1993) (stating that it is "well settled" that a defendant's net worth is a factor that is "typically considered in assessing punitive damages"); Bains, LLC v. Arco Prods. Co., 405 F.3d 764, 777 (9th Cir. 2005). However, the Court finds that the market share and size of Defendant are not relevant and will not be admissible at trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine No. 4 RE: Evidence of Defendant's Net Worth, Financial Condition, Size and/or Market Share is **GRANTED IN PART AND DENIED IN PART** (Doc. 127).

**IT IS FURTHER ORDERED** that a Jury Trial is set for **June 2, 2009** at **9:00 a.m.** before the Honorable Stephen M. McNamee.

DATED this 12th day of January, 2009.

_____
Stephen M. McNamee
United States District Judge