**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONE, INC., a Nevada corporation,<br><br>Defendant. | No. CV 06-926-PHX-SMM<br><br>**ORDER** |

In the Proposed Pretrial Order, the parties designated certain witnesses who would appear via videotape deposition (Doc. 132). At the Final Pre-Trial Conference, the Court agreed to address and rule on the parties' objections to the designated testimony prior to trial so that the parties could edit the videotapes of the depositions in accordance with the Court's order.

In reviewing the six depositions provided by the parties, the Court notes that the depositions address one primary subject, Defendant's record keeping and retention policies. The testimony on this subject is extremely repetitive, cumulative, and fractious. Furthermore, the objections often occur within the middle of questions and are devoid of the necessary context for the Court to make an informed ruling.

Defendant has suggested that the solution is a proposed stipulation regarding the lost records which has yet to be finalized. It appears that the records were lost or destroyed and the Court has already entered orders on this subject as the case progressed. Indeed, the Court twice denied Plaintiff's request for an adverse inference. At the

1 summary judgment stage, the Court determined that an adverse inference was not
2 warranted since the issue of evidence spoliation was a discovery offense, and Plaintiff had
3 never raised the issue during the discovery period (Doc. 115).  Likewise, the Court denied
4 Plaintiff's motion in limine for the same reasons (Doc. 142).  Going forward at this
5 juncture would lead to inconsistent rulings on the objections because of the overlapping
6 questions.

7       Therefore, the Court orders the parties to attempt to finalize a stipulation regarding
8 the lost records.  If the parties are unable to reach such a stipulation, the Court will allow
9 <u>one</u> witness to be called to testify about Defendant's record keeping and retention
10 policies.  The parties shall be responsible for designating that person and supplying the
11 Court with a complete transcript of that person's deposition, highlighting in yellow those
12 portions to which objections are made.  Accompanying the transcript shall be a separate
13 document designating the pages and line numbers to be read or shown via video to the
14 jury and noting counsel's objections and giving the reason for the objections.

15       Moreover, should Plaintiff wish to provide additional witnesses' testimony in
16 objection, Plaintiff shall provide the Court with specific reasons why such testimony is
17 necessary and how it differs from the testimony of the witness designated by the parties.
18       Accordingly,

19 **IT IS HEREBY ORDERED** that by **Friday, May 1, 2009**, the parties shall
20 submit a stipulation regarding the lost records to the Court, or alternatively, designate <u>one</u>
21 witness to testify regarding Defendant's record keeping and retention policies.  The
22 complete deposition testimony of any such designated witness shall be provided to the
23 Court with the portions objected to highlighted in yellow.  A separate document shall
24 accompany the transcript indicating the pages and line numbers to be read or shown to the
25 jury and noting counsel's objections and reasons for the objections.

26 **IT IS FURTHER ORDERED** that should Plaintiff wish to use additional
27 witnesses' testimony in objection, Plaintiff must provide the Court with the reasons why
28

1  such testimony is necessary and how it differs from the testimony of the witness
2  designated by the parties by **Friday, May 1, 2009**.
3        DATED this 8th day of April, 2009.

                                                Stephen M. McNamee
                                                United States District Judge